**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------------x
CHANG YAN CHEN,
*on behalf of himself and others similarly situated,*
                                      Plaintiff,      Case No. 21-cv-11225 (VEC)

                v.

L & L NEW BEGINNING LLC
      d/b/a Lili and Loo, and
YASMIN KUHN,
                                Defendants.
------------------------------------------------------------------x

**MEMORANDUM OF LAW IN OPPOSITION TO**
**DEFENDANTS' MOTION TO DISMISS**

                                              John Troy
                                              TROY LAW, PLLC
                                              41-25 Kissena Boulevard
                                              Suite 103
                                              Flushing, NY 11355
                                              Telephone (718) 762-1324
                                              Email troylaw@troypllc.com
                                              *Attorney for Plaintiff*

# **TABLE OF CONTENTS**

**TABLE OF AUTHORITIES** .................................................................................................... ii

**PRELIMINARY STATEMENT** ............................................................................................... 1

**FACTUAL BACKGROUND** ..................................................................................................... 1

**PROCEDURAL HISTORY** ....................................................................................................... 4

**LEGAL STANDARD** ................................................................................................................. 5

**ARGUMENT** ................................................................................................................................ 6

    **I.   THE COURT SHOULD NOT DISMISS THIS ACTION BECAUSE PLAINTIFF HAS SUCCESSFULLY STATED A SUCCESSOR LIABILITY CLAIM AGAINST DEFENDANTS** ............................................................................................................................ 6

        A.   PLAINTIFF HAS SUCCESSFULLY STATED A SUCCESSOR LIABILITY CLAIM UNDER THE TRADITIONAL TEST .............................................................................................................. 7

            i.   Fraudulent Transaction ............................................................................................. 7

            ii.   Mere Continuation/De Facto Merger ...................................................................... 8

        B.   PLAINTIFF HAS SUCCESSFULLY STATED A SUCCESSOR LIABILITY CLAIM UNDER THE SUBSTANTIAL CONTINUITY TEST ................................................................................................ 9

**CONCLUSION** ........................................................................................................................ 11

# **TABLE OF AUTHORITIES**

**Cases**

*Alvarez v. 40 Mulberry Rest., Inc.*, No. 11-cv-09107 (PAE), 2012 U.S. Dist. LEXIS 143317 (S.D.N.Y. Oct. 3, 2012) .................................................................................................. 8, 9, 11

*Anderson News, L.L.C. v. American Media, Inc.*, 680 F.3d 162 (2d Cir. 2012) ............................ 5

*Anderson v. Bessemer City*, 470 U.S. 564 (1985) ......................................................................... 5

*Arar v. Ashcroft*, 585 F.3d 559 (2d Cir. 2009) .............................................................................. 5

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) ......................................................................................... 5

*Bautista v. Beyond Thai Kitchen, Inc.*, No. 14-cv-04335 (LGS), 2015 U.S. Dist. LEXIS 124454 (S.D.N.Y. Sep. 17, 2015) .............................................................................................. 6

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) ......................................................................... 5

*Chambers v. Time Warner, Inc.*, 282 F.3d 147 (2d Cir. 2002) ...................................................... 3

*Chen v. DG&S NY, Inc.*, 406 F. Supp. 3d 216 (E.D.N.Y. 2016) ...................................... 6, 7, 9, 11

*Chen v. Lilli's 200 West 57th Corp.*, No. 19-cv-07654 (VEC), Dkt. No. 1 (S.D.N.Y. Aug. 15, 2019) ........................................................................................................................................ 4

*Chen v. Lilli's 200 West 57th Corp.*, No. 19-cv-07654 (VEC), Dkt. No. 16 (S.D.N.Y. Oct. 7, 2019) ........................................................................................................................................ 4

*Chen v. Lilli's 200 West 57th Corp.*, No. 19-cv-07654 (VEC), Dkt. No. 28 (S.D.N.Y. Nov. 4, 2019) ...................................................................................................................................... 10

*Chen v. Lilli's 200 West 57th Corp.*, No. 19-cv-07654 (VEC), Dkt. No. 31 (S.D.N.Y. Nov. 14, 2019) ...................................................................................................................................... 10

*Chen v. Lilli's 200 West 57th Corp.*, No. 19-cv-07654 (VEC), Dkt. No. 52 (S.D.N.Y. Sep. 2, 2020) .................................................................................................................................... 2, 4

*Douglas v. Stamco*, 363 F. Appx. 100 (2d Cir. 2010) ................................................................... 8

*Edwardo v. Roman Catholic Bishop of Providence*, No. 21-cv-01514 (KPF), 2022 U.S. Dist. LEXIS 4625 (S.D.N.Y. Jan. 8, 2022) ....................................................................................... 2

*Fall River Dyeing & Finishing Corp. v. NLRB*, 482 U.S. 27 (1987) ............................................ 6

*Gallo v. Wonderly Co.*, No. 12-cv-01868 (LEK) (RFT), 2014 U.S. Dist. LEXIS 1004 (N.D.N.Y. Jan. 6, 2014) .......................................................................................................................... 11

*Gertskis v. U.S. E.E.O.C.*, No. 11-cv-05830 (JMF), 2013 U.S. Dist. LEXIS 39110 (S.D.N.Y. Mar. 20, 2013), *aff'd sub nom. Gertskis v. E.E.O.C.*, 594 F. Appx. 719 (2d Cir. 2014) ............ 2

*Harris-Thomson v. Riverhead Charter Sch. Bd. of Trs.*, No. 14-cv-05340 (JMA) (AYS), 2016 U.S. Dist. LEXIS 24113 (E.D.N.Y. Feb. 23, 2016) ................................................................. 3

*In re 792 Restaurant Food Corp.*, No. 21-bk-42556 (NHL), Dkt. No. 1 (E.D.N.Y. Bkr. Feb. 11, 2022) ................................................................................................................................. 4

*In re 792 Restaurant Food Corp.*, No. 21-bk-42556 (NHL), Dkt. No. 1-1 (E.D.N.Y. Bkr., Oct. 7, 2021) ................................................................................................................................. 1

*In re 792 Restaurant Food Corp.*, No. 21-bk-42556 (NHL), Dkt. No. 36 (E.D.N.Y. Bkr. Feb. 11, 2022) ................................................................................................................................. 4

*In re Lilli's 200 West 57th Corp.*, No. 21-bk-42555 (NHL), Dkt. No. 1 (E.D.N.Y. Bkr. Oct. 7, 2021) ................................................................................................................................. 4

*In re Lilli's 200 West 57th Corp.*, No. 21-bk-42555 (NHL), Dkt. No. 1-1 (E.D.N.Y. Bkr., Oct. 7, 2021) ................................................................................................................................. 2

*In re Lilli's 200 West 57th Corp.*, No. 21-bk-42555 (NHL), Dkt. No. 34 (E.D.N.Y. Bkr. Feb. 11, 2022) ................................................................................................................................. 4

*In re Low*, No. 21-bk-42552 (NHL), Dkt. No. 1 (E.D.N.Y. Bkr. Oct. 7, 2021) ......................... 2, 4

*In re Low*, No. 21-bk-42552 (NHL), Dkt. No. 32 (E.D.N.Y. Bkr. Dec. 14, 2021) .................... 3, 8

*In re Low*, No. 21-bk-42552 (NHL), Dkt. No. 46 (E.D.N.Y. Bkr. Feb. 11, 2022) ......................... 4

*Lynch v. City of New York*, 952 F.3d 67 (2d Cir. 2020) ................................................................. 5

*New York v. Nat'l Serv. Indus.*, 460 F.3d 201 (2d Cir. 2006) ........................................................ 8

*Rosa v. TCC Communs., Inc.*, No. 15-cv-01665, 2016 U.S. Dist. LEXIS 575 (S.D.N.Y. Jan. 5, 2016) ................................................................................................................................. 8

*Silverman Partners LP v. Verox Group*, 08-cv-03103 (HB), 2010 U.S. Dist. LEXIS 71977 (S.D.N.Y. July 16, 2010) ................................................................................................................................. 7

*Zhang v. Wen Mei, Inc.*, No. 14-cv-01647 (JS) (SIL), 2017 U.S. Dist. LEXIS 213389 (E.D.N.Y. Dec. 28, 2017) ................................................................................................................. 9, 11

**Statutes**

N.Y. D.C.L. § 273(b) ................................................................................................................. 8

**Rules**

Indiv. Civ. Practices VEC § 4(E)(ii) .............................................................................................. 1

Plaintiff CHANG YAN CHEN (hereinafter "Chen" or "Plaintiff" or "Plaintiff Chen"), by and through his attorneys, Troy Law, PLLC, hereby submits this Memorandum of Law in Opposition to Defendants' Motion to Dismiss his complaint pursuant to Rule 12(b)(6) of the Federal Rules of civil Procedure.

## PRELIMINARY STATEMENT

Plaintiff Chen has adequately alleged facts sufficient to state a claim against Defendants as successors to 792 Restaurant Food Corp., which operated a restaurant where he worked as a delivery person and which he alleges failed to, among other things, pay him minimum wages and overtime. For this reason, his complaint against Defendants should not be dismissed.

Should Defendants' motion be granted over Plaintiff's objection, Plaintiff intends to seek leave to amend his complaint. *See* Indiv. Civ. Practices VEC § 4(E)(ii).

## FACTUAL BACKGROUND

The following facts are alleged the complaint in this matter, and, "though disputed by Defendants, are [to be] accepted [as] true for purposes of this motion, [with] all reasonable inferences [] drawn therefrom in favor of the Plaintiff."

Chen worked as delivery person, out of "Lili and Loo" located at 792 Lexington Avenue, New York, NY 10021 and operated by 792 Restaurant Food Corp., and "Lili's 57 Asian Cuisine & Sushi Bar" located at 200 W 57th Street, New York, NY 10019 and operated by Lilli's 200 West 57th Corp., from about July 14, 2014 through about June 6, 2019. *See* Ex. A ¶¶ 7, 11, 14, 39, 223. Alan Phillips was the CEO of Lilli's 200 West 57th Corp.; Siew Moy Low was the President and Siew Moy Low was the President of 792 Restaurant Food Corp.; Alan Phillips and Siew Moy Low were both shareholders in Lili's 200 West 57th Corp. *See* Ex. A. ¶¶ 20, 22; *see also In re 792 Restaurant Food Corp.*, No. 21-bk-42556 (NHL), Dkt. No. 1-1 (E.D.N.Y. Bkr., Oct. 7, 2021) (identifying Low as the President of 792 Restaurant Food Corp.); *In re Lilli's 200 West 57th Corp.*,

1

No. 21-bk-42555 (NHL), Dkt. No. 1-1 (E.D.N.Y. Bkr., Oct. 7, 2021) (identifying Low as the President of Lilli's 200 West 57th Corp.); *In re Low*, No. 21-bk-42552 (NHL), Dkt. No. 1 (E.D.N.Y. Bkr. Oct. 7, 2021) (identifying Low as an "affiliate" of 792 Restaurant Food Corp. and Lilli's 200 West 57th Corp.).[1] Alan Phillips and Siew Moy Low had the power to hire and fire employees, supervised and controlled employee work schedules and conditions of employment, determined employees' rates and methods of payment, and kept records for 792 Restaurant Food Corp. and Lilli's 200 West 57th Corp.; they and Yasmin Kuhn did the same for L & L New Beginning LLC. *See* Ex. A ¶¶ 18, 20, 22, 23.

L & L New Beginning LLC operates "Lili and Loo" at 1026 Third Avenue, New York, NY 10065. *See* Ex. A ¶ 8. L & L New Beginning LLC is owned and operated by Alan Phillips and Siew Moy Low, who are the defendants in the related case *Chen v. Lilli's 200 West 57th Corp.*, No. 19-cv-07654 (VEC), and by Yasmin Kuhn, who has been Siew Moy Low's business partner in other ventures and in particular had a nine percent (9%) ownership interest in Freedom Place Restaurant LLC while Siew Moy Low owned the remaining ninety-one percent (91%). *See* Ex. 1, at 8:9–9:5. In that capacity, she was deposed on behalf of Freedom Place Rest LLC pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure in *Zhang v. Hiro Sushi at Ollie's Inc.*, No. 17-cv-07066 (JPC) (DCF), (S.D.N.Y.). *See* Ex. 1 (referring to Low as "Maggie Loo," *c.f. Chen v. Lilli's 200 West 57th Corp.*, No. 19-cv-07654 (VEC), Dkt. No. 52 (S.D.N.Y. Sep. 2, 2020) (referring to Low as "Siew Moy Low a/k/a Maggie Low").

---

[1] "On a motion to dismiss, a court may take judicial notice of related lawsuits, judicial decisions, and litigation findings." *Edwardo v. Roman Catholic Bishop of Providence*, No. 21-cv-01514 (KPF), 2022 U.S. Dist. LEXIS 4625, at *13 n.7 (S.D.N.Y. Jan. 8, 2022) (citing *Gertskis v. U.S. E.E.O.C.*, No. 11-cv-05830 (JMF), 2013 U.S. Dist. LEXIS 39110 (S.D.N.Y. Mar. 20, 2013), *aff'd sub nom. Gertskis v. E.E.O.C.*, 594 F. Appx. 719 (2d Cir. 2014) (summary order)).

2

Lili's 57 Asian Cuisine & Sushi Bar closed in or about late 2019. *See* Ex. A ¶ 26. Lili and Loo on 792 Lexington Avenue (operated by 792 Restaurant Food Corp.) closed in or about late 2020, while Lili and Loo on Third Avenue (operated by the tellingly-named L & L New Beginning LLC) opened in or about November 2020. *See* Ex. A ¶¶ 27, 29; *see also* Exs. 2, 3.[2] Lili and Loo transferred substantially all of its employees from the Lexington Avenue location to the Third Avenue location, and from 792 Restaurant Food Corp. to L & L New Beginning LLC. *See* Ex. A ¶ 28. Siew Moy Low, who had worked as a manager at Lili's 57 Asian Cuisine & Sushi Bar and Lili and Loo on Lexington Avenue, likewise transferred to Lili and Loo on Third Avenue, where she continued to work as a manager. *See* Ex. A ¶ 32; *see also In re Low*, No. 21-bk-42552 (NHL), Dkt. No. 32, at *9 (E.D.N.Y. Bkr. Dec. 14, 2021) (identifying her source of $6,000.00 per month income as her working as a "restaurant manager" by "L & L New Beginning" at 1026 Third Avenue, New York, NY 10065). Alan Phillips, Siew Moy Low, and Yasmin Kuhn all put their names on the liquor license at the Third Avenue location. *See* Ex. A ¶¶ 18, 20, 22. Alan Phillips, Siew Moy Low, and Yasmin Kuhn are all members of L & L New Beginnings LLC. *See* Ex. A ¶ 30; *see also* Ex. 2.

Lili and Loo continued to use the same website after the move, and on that website, directed customers to its new, Third Avenue, location and held out the Third Avenue location publicly as a continuation of the Lexington Avenue location. *See* Ex. A ¶ 31; *c.f.* Exs. 4 (website showing Lexington Avenue location), with Exs. 5, 6 (website showing Third Avenue location, Ex. 5

---

[2] "In the context of a Rule 12(b)(6) motion, a court may consider: (1) documents attached to the complaint as exhibits *or incorporated by reference therein*; (2) matters of which judicial notice maybe taken; or (3) *documents upon the terms and effect of which the complaint 'relies heavily' and which are, thus, rendered 'integral' to the complaint.*" *Harris-Thomson v. Riverhead Charter Sch. Bd. of Trs.*, No. 14-cv-05340 (JMA) (AYS), 2016 U.S. Dist. LEXIS 24113, at *5 (E.D.N.Y. Feb. 23, 2016) (quoting *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152–53 (2d Cir. 2002)) (emphasis added).

showing URL bar but only the top of the homepage, Ex. 6 showing whole homepage but not URL bar).

## PROCEDURAL HISTORY

Plaintiff Chen sued Lilli's 200 West 57th Corp., among others, on August 15, 2019, amended his complaint to add Siew Moy Low, among others, on October 7, 2019, and amended his complaint to add 792 Restaurant Food Corp., among others, on September 2, 2020. *See Chen v. Lilli's 200 West 57th Corp.*, No. 19-cv-07654 (VEC), Dkt. Nos. 1, 16, 52 (S.D.N.Y. Aug. 15, 2019, Oct. 7, 2019, Sep. 2, 2020). As set forth above, L & L New Beginning LLC opened Lili and Loo at the Third Avenue location, with 792 Restaurant Food Corp. transferring its employees there and closing Lili and Loo on Lexington Avenue, between November 2020 and June 2021. Having closed their business and divested themselves of assets by transferring them to L & L New Beginning LLC, 792 Restaurant Food Corp. and Lilli's 200 West 57th Corp. petitioned for Chapter 11 bankruptcy protection on October 7, 2021; their cases were voluntarily dismissed pursuant to stipulation with the trustee on February 11, 2022. *See In re 792 Restaurant Food Corp.*, No. 21-bk-42556 (NHL), Dkt. Nos. 1, 36 (E.D.N.Y. Bkr. Oct. 7, 2021, Feb. 11, 2022); *In re Lilli's 200 West 57th Corp.*, No. 21-bk-42555 (NHL), Dkt. Nos. 1, 34 (E.D.N.Y. Bkr. Oct. 7, 2021, Feb. 11, 2022). These stipulations were entered into, in large part, because of the debtors' inability to fund Chapter 11 plans, as well as failure to provide required documents to the trustee. *See In re 792 Restaurant Food Corp.*, Dkt. No. 36; *In re Lilli's 200 West 57th Corp.*, Dkt. No. 34. Siew Moy Low petitioned for Chapter 13 bankruptcy protection on October 7, 2021, with the automatic stay (which applied to *Chen v. Lilli's 200 West 57th Corp.* being lifted on February 11, 2022. *See In re Low*, No. 21-bk-42552 (NHL), Dkt. Nos. 1, 46 (E.D.N.Y. Bkr. Oct. 7, 2021, Feb. 11, 2022). It is ongoing. This matter was commenced on December 31, 2021, while *Chen v. Lilli's 200 West 57th Corp.* was stayed.

4

## **LEGAL STANDARD**

"The court, in deciding a Rule 12(b)(6) motion to dismiss a complaint, is required to accept all 'well-pleaded factual allegations' in the complaint as true." *Lynch v. City of New York*, 952 F.3d 67, 74–75 (2d Cir. 2020) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009); also citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Arar v. Ashcroft*, 585 F.3d 559, 567 (2d Cir. 2009)). "Although allegations that are conclusory are not entitled to be assumed true, [w]hen there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.*, at 75 (quotation marks and citations omitted; emphasis added in *Lynch*). "The court must also construe all reasonable inferences that can be drawn from the complaint in the light most favorable to the plaintiff." *Id.* (quotation marks and citations omitted).

"The assessment of whether a complaint's factual allegations plausibly give rise to an entitlement to relief does not impose a probability requirement at the pleading stage; it simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence of illegal conduct." *Lynch*, 952 F.3d at 75 (quotation marks and citations omitted). "Thus the court's task is to assess the legal feasibility of the complaint; it is not to assess the weight of the evidence that might be offered on either side." *Id.* "Because plausibility is a standard lower than probability, a given set of actions may well be subject to diverging interpretations, each of which is plausible.[] The choice between or among plausible inferences or scenarios is one for the factfinder.… The choice between two plausible inferences that may be drawn from factual allegations is not a choice to be made by the court on a Rule 12(b)(6) motion." *Anderson News, L.L.C. v. American Media, Inc.*, 680 F.3d 162, 184–85 (2d Cir. 2012) (citing *Anderson v. Bessemer City*, 470 U.S. 564, 575 (1985)). "Rule 12(b)(6) does not countenance… dismissals based on a judge's disbelief of a complaint's factual allegations." *Twombly*, 550 U.S. at 556 (quotation marks omitted).

**ARGUMENT**

**I.   THE COURT SHOULD NOT DISMISS THIS ACTION BECAUSE PLAINTIFF HAS SUCCESSFULLY STATED A SUCCESSOR LIABILITY CLAIM AGAINST DEFENDANTS**

"Generally, a successor is not responsible for the liabilities of its predecessor. Under certain circumstances, however, a court may find that a successor has either expressly or impliedly assumed the predecessor's liabilities and can therefore be held accountable for them. In the FLSA and NYLL context, courts have employed two tests to determine if liability should be imposed on a successor—the traditional test and the substantial continuity test. The traditional test establishes four exceptions to the rule against successor liability, providing the same will attach where: (1) a successor expressly or impliedly assumed the predecessor's liabilities; (2) there was a consolidation or de facto merger of predecessor and successor; (3) the successor corporation was a mere continuation of its predecessor; or (4) the transaction between successor and predecessor was entered into fraudulently to escape obligations. The 'mere continuation' and 'de facto merger' exceptions[] may be considered a single exception." *Chen v. DG&S NY, Inc.*, 406 F. Supp. 3d 216, 222–223 (E.D.N.Y. 2016) (quotation marks and citations omitted).

The alternative "substantial continuity test 'focus[es] on whether the new company has "acquired substantial assets of its predecessor and continued, without interruption or substantial change, the predecessor's business operations."'" *DG&S NY, Inc.*, 406 F. Supp. 3d at 223 (quoting *Bautista v. Beyond Thai Kitchen, Inc.*, No. 14-cv-04335 (LGS), 2015 U.S. Dist. LEXIS 124454, at *13 (S.D.N.Y. Sep. 17, 2015) (itself quoting *Fall River Dyeing & Finishing Corp. v. NLRB*, 482 U.S. 27, 43 (1987))). "It does so by looking to nine factors…: (1) whether the successor company had notice of the subject liability or pending lawsuit prior to acquiring its predecessor's business; (2) the ability of the predecessor to provide relief on the same; (3) whether there has been a substantial continuity of business operations; (4) whether the successor company uses the same

6

location; (5) whether it uses the same or substantially the same work force; (6) whether it uses the same or substantially the same supervisory personnel; (7) whether the same jobs exist under substantially the same working conditions; (8) whether the successor company uses the same machinery, equipment, and methods of production; and (9) whether it produces the same product." *Id.* "No single factor is controlling and, as such, the test should be considered as a whole." *Id.*

"The Second Circuit has yet to decide which inquiry should govern the application of successor liability in the FLSA context. However, a number of district courts in this Circuit have found that the outcome would be the same no matter which test is applied." *DG&S NY, Inc.*, 406 F. Supp. 3d at 223 (citations omitted). That is the case here.

### a. PLAINTIFF HAS SUCCESSFULLY STATED A SUCCESSOR LIABILITY CLAIM UNDER THE TRADITIONAL TEST

Here, Plaintiff has alleged facts sufficient to state a claim under the "mere continuation"/"de facto merger" prong, and under the fraudulent transaction prong, of the traditional test.

#### i. Fraudulent Transaction

"When a party has alleged facts to show that a fraudulent conveyance may have taken place, it can be inferred that the transaction was undertaken to defraud creditors and the [fraudulent conveyance] exception for imposing successor liability applies." *Silverman Partners LP v. Verox Group*, 08-cv-03103 (HB), 2010 U.S. Dist. LEXIS 71977, at *18 (S.D.N.Y. July 16, 2010). The transfer between 792 Restaurant Food Corp. and L & L New Beginning LLC bears several of the badges of fraud recognized under New York law, including: (1) that the transfer was made between insiders, namely Alan Phillips and Siew Moy Low as owners of 792 Restaurant Food Corp. and members of L & L New Beginning LLC; (2) that they retained authority at Lili and Loo Third Avenue; (3) that the transfer, which took place around the end of 2020, was concealed until

December 14, 2021, when Siew Moy Low filed a (late) schedule of her current income (*see In re Low*, Dkt. No. 32, at *9); (4) that 792 Restaurant Food Corp., Alan Phillips, and Siew Moy Low had been sued or threatened with suit before the transfer was made; and (5) that the transfer was of all or substantially all of 792 Restaurant Food Corp.'s assets and rendered it insolvent and unable to fund a Chapter 11 plan. *See* N.Y. D.C.L. § 273(b). Yasmin Kuhn is not an innocent purchaser, she has a prior business history with Siew Moy Low and knows to what she gets up. Despite this knowledge, she colluded with Siew Moy Low and Alan Phillips to hide assets in a new entity.

While "[c]ourts generally find that the fraudulent transfer exception is met where Plaintiff has sufficiently pled a fraudulent conveyance claim," (*Rosa v. TCC Communs., Inc.*, No. 15-cv-01665, 2016 U.S. Dist. LEXIS 575, at *19 (S.D.N.Y. Jan. 5, 2016)) Plaintiff has not brought fraudulent transfer as a distinct cause of action despite alleging or relying on facts that would tend to support it. To the extent Defendants' motion is granted, Plaintiff would seek to amend his complaint to do so.

### ii. Mere Continuation/De Facto Merger

"When analyzing a claim that a putative successor is a 'mere continuation,' the court considers the following factors: '(1) continuity of ownership, (2) cessation of ordinary business and dissolution of the acquired corporation as soon as possible; (3) assumption by the purchaser of the liabilities ordinarily necessary for the uninterrupted continuation of the business of the acquired corporation; and (4) continuity of management, personnel, physical location, assets, and general business operation.'" *Alvarez v. 40 Mulberry Rest., Inc.*, No. 11-cv-09107 (PAE), 2012 U.S. Dist. LEXIS 143317, at *3–5 (S.D.N.Y. Oct. 3, 2012) (quoting *New York v. Nat'l Serv. Indus.*, 460 F.3d 201, 209 (2d Cir. 2006)). "'"[C]ontinuity of ownership is the essence of a merger," and therefore the exception cannot apply in its absence.'" *Id.* (quoting *Douglas v. Stamco*, 363 F. Appx. 100, 102 (2d Cir. 2010) (itself quoting *Nat'l Serv. Indus.*, 460 F.3d at 211)).

8

Here, Plaintiff has alleged continuity of ownership (in the persons of Alan Phillips and Siew Moy Low), continuity of management (ditto), continuity of personnel, and continuity of general business operation between 792 Restaurant Food Corp. and L & L New Beginning LLC.

Courts have found similar factual allegations sufficient to state successor liability under this prong of the traditional test, as well as under the substantial continuity test, *supra*. *See*, *e.g.*, *Zhang v. Wen Mei, Inc.*, No. 14-cv-01647 (JS) (SIL), 2017 U.S. Dist. LEXIS 213389, at *25–26 (E.D.N.Y. Dec. 28, 2017) (finding allegations that a common manager in control of two restaurants operated by two corporations assigning employees from the first to the second restaurant, and removing equipment from the first to the second restaurant, then closing the first restaurant "sufficient" at the pleading stage "under either test to establish successor liability, as they support the conclusion that [the second restaurant] continued the business of [the first], including utilizing the same workers, and that [the second restaurant] acquired the assets of [the first].") (citing *Alvarez*, 2012 U.S. Dist. LEXIS 143317, at *3–5 (S.D.N.Y. Oct. 3, 2012) (denying summary judgment to putative corporate **and individual** successor under mere continuation/de fact merger theory even when "[a] reasonable juror could find" either that the predecessor and successor shared owners; and under substantial continuity theory); *see also DG&S NY, Inc.*, 406 F. Supp. 3d at 223–24 (denying summary judgment where "there is no evidence of express or implicit assumption of successor liability and no evidence that [successor's] sole shareholder [] held an ownership interest in [predecessor]," but where "[successor] occupie[d] [predecessor's] prior location, ma[de] use of similar equipment, employ[ed] some of [predecessor's] prior personnel, serves the same kind of food previously offered at [predecessor], and is managed by [] a prior [predecessor's] manager.").

### b. PLAINTIFF HAS SUCCESSFULLY STATED A SUCCESSOR LIABILITY CLAIM UNDER THE SUBSTANTIAL CONTINUITY TEST

Here, based on the allegations in the complaint, the first, second, third, fifth, sixth, and eighth factors of the substantial continuity test tilt towards a finding of successor liability, while the fourth factor tilts away, and the seventh, eighth, and ninth factors tilt towards a finding of successor liability but depend on inference rather than direct allegations. But the court must construe all reasonable inferences that can be drawn from the complaint in the light most favorable to the Plaintiff. Even if this inference is not drawn, these factors are still neutral.

L & L New Beginning LLC's members overlapped with 792 Restaurant Food Corp.'s shareholders. The overlapping members/shareholders (Alan Phillips and Siew Moy Low) knew they, and 792 Restaurant Food Corp., had been sued more than a year before 792 Restaurant Food Corp. closed and L & L New Beginning LLC opened. *See Chen v. Lilli's 200 West 57th Corp.*, No. 19-cv-07654 (VEC), Dkt. Nos. 28, 31 (S.D.N.Y. Nov. 4, 2019, Nov. 14, 2019). Even Yasmin Kuhn had knowledge, going back to 2018, that the way Siew Moy Low did business ran afoul of the wage-and-hour laws, and jumped into bed with her again anyway.

792 Restaurant Food Corp. (and 200 West 57th Corp.) are not doing business and were unable to fund a Chapter 11 plan. Siew Moy Low is also seeking bankruptcy protection. They may be expected to be unable to provide relief on Plaintiff's claims.

L & L New Beginning LLC began operating at about the same time as 792 Restaurant Food Corp. closed, with no substantial delay.

L & L New Beginning LLC uses both substantially the same workforce, and the same managers Siew Moy Low and Alan Phillips, as 792 Restaurant Food Corp.

No allegation is made with respect to 792 Restaurant Food Corp.'s kitchen equipment, utensils, or crockery, but L & L New Beginning LLC did continue to use 792 Restaurant Food Corp.'s intellectual and intangible property, namely its "telephone number, website, and name."

10

*See Gallo v. Wonderly Co.*, No. 12-cv-01868 (LEK) (RFT), 2014 U.S. Dist. LEXIS 1004, at *47 (N.D.N.Y. Jan. 6, 2014).

Courts have found similar factual allegations sufficient to state successor liability under this prong of the traditional test, as well as under the substantial continuity test, *infra*. *See Wen Mei, Inc.*, 2017 U.S. Dist. LEXIS 213389, at *25–26; *Alvarez*, 2012 U.S. Dist. LEXIS 143317, at *3–5; *DG&S NY, Inc.*, 406 F. Supp. 3d at 223–24 (denying summary judgment where "there is no evidence of express or implicit assumption of successor liability and no evidence that [successor's] sole shareholder [] held an ownership interest in [predecessor]," but where "[successor] occupie[d] [predecessor's] prior location, ma[de] use of similar equipment, employ[ed] some of [predecessor's] prior personnel, serves the same kind of food previously offered at [predecessor], and is managed by [] a prior [predecessor's] manager.").

## CONCLUSION

For all the reasons set forth above, Defendants' motion should be denied in its entirety.

Dated: Flushing, NY
March 14, 2022

TROY LAW, PLLC

 /s/ John Troy
John Troy
41-25 Kissena Boulevard
Suite 103
Flushing, NY 11355
Telephone (718) 762-1324
Email troylaw@troypllc.com
*Attorney for Plaintiff*

cc: via ECF
    all counsel of record