| | |
|---|---|
| UNITED STATES DISTRICT COURT<br>SOUTHERN DISTRICT OF NEW YORK<br>-------------------------------------------------------------- X<br>CHANG YAN CHEN, individually and on behalf<br>of others similarly situated,<br><br>                                              Plaintiff,<br>                -against-<br><br>L&L NEW BEGINNINGS LLC d/b/a LILI AND<br>LOO and YASMIN KUHN,<br><br>                                              Defendants.<br>-------------------------------------------------------------- X | USDC SDNY<br>DOCUMENT<br>ELECTRONICALLY FILED<br>DOC #:_____<br>DATE FILED:  6/27/22<br><br>21-CV-11225 (VEC)<br><br>OPINION AND ORDER |

VALERIE CAPRONI, United States District Judge:

Plaintiff Chang Yan Chen brings this action against Defendants L&L New Beginnings LLC ("L&L") and Yasmin Kuhn ("Kuhn") for alleged violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, and New York Labor Law ("NYLL").  Compl., Dkt. 1 ¶¶ 1– 4.  Plaintiff, a delivery worker, contends that his employers failed to pay him and others the statutory minimum wage for all hours worked and failed to pay an overtime premium for hours worked in excess of the 40-hour statutory workweek, among other related claims.  *Id.* ¶¶ 221–30.  Defendants, however, are not, and have never been, Plaintiff's employer.  Plaintiff has sued Defendants on a theory of successor liability, alleging that Defendants are the successors of two restaurants at which Plaintiff worked.  Defendants move to dismiss the complaint for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6).  *See* Mot. to Dismiss, Dkt. 12.  Plaintiff opposes the motion.  *See* Resp., Dkt. 15.  For the reasons discussed below, Defendants' motion is GRANTED.

## BACKGROUND

Between July 2014 and June 2019, Plaintiff worked as a delivery worker for two restaurants in New York City, Lilis 200 West 57th Corp. ("Lili's 57"), located at 200 West 57th Street, and 792 Restaurant Food Corp. ("Lilli and Loo"), located at 792 Lexington Avenue. Compl., Dkt. 1 ¶¶ 11, 14, 39.  In August 2019, Plaintiff sued Lili's 57, asserting wage and hour claims; he added Lilli and Loo as a defendant in 2020.  *See Chen v. Lilis 200 West 57th Corp.*, No. 19-CV-7654, 2020 WL 7774345, at *1–2 (S.D.N.Y. Dec. 30, 2020).  In the same action, Plaintiff sued Alan Phillips, CEO and a shareholder of Lili's 57, and Siew Moy Low, president of Lilli and Loo and a shareholder of Lili's 57, also for wage and hour violations.  *See id.*; *see also* Compl. ¶¶ 20–23.[1]  Plaintiff asserts the same claims in this action against L&L and Kuhn but adds several additional wage and hour violations.  Compl. ¶¶ 35–230.

Plaintiff alleges that Lili's 57 closed in late 2019 and Lilli & Loo closed in late 2020.  *See id.* ¶¶ 27–29.  Plaintiff contends that L&L was incorporated in November 2020, *id.* ¶ 29, and is "owned and operated by Alan Phillips and Siew Moy Low," Resp. at 2.  Plaintiff alleges that Siew Moy Low and Alan Phillips oversaw staffing, supervised and controlled schedules, oversaw payment of wages, and maintained employee records at Lili's 57 and Lilli and Loo.  *See* Compl. ¶¶ 20, 22.  He further alleges that Siew Moy Low and Alan Phillips are principals on the liquor license for L&L, *id.* ¶¶ 20, 22, and that Siew Moy Low is listed as a manager of L&L on New York Form 106Sum, *id.* ¶ 23.

---

[1]   That case was stayed when Siew Moy Low petitioned for Chapter 13 bankruptcy protection.  *See Chen v. Lilis 200 West 57th Corp.*, 2021 WL 6427575, at *1 (extending automatic stay).  The stay was lifted on February 11, 2022, after this case was filed.  *See In re 792 Restaurant Food Corp.*, No. 21-BK-42556, Dkt. Nos. 1, 36 (E.D.N.Y. Bkr. Oct. 7, 2021, Feb. 11, 2022).

In the current action, Plaintiff does not allege that he was ever employed by L&L, *see generally id.*, or by Kuhn.[2] Plaintiff alleges, on information and belief, that the employees remaining at Lilli and Loo when it closed were "transferred to" L&L, *id.* ¶ 28; Plaintiff contends that L&L is doing business as "the new Lili and Loo Restaurant," *id.* Defendants move to dismiss the Complaint pursuant to Rule 12(b)(6). Mem. Of Law, Dkt. 14. Plaintiff opposes the motion. Resp., Dkt. 15.

## LEGAL STANDARD

To survive a motion to dismiss under Rule 12(b)(6), "a complaint must allege sufficient facts, taken as true, to state a plausible claim for relief." *Johnson v. Priceline.com, Inc.*, 711 F.3d 271, 275 (2d Cir. 2013) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007)). A claim is facially plausible when the factual content pleaded allows a court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). "[T]o survive a motion under Rule 12(b)(6), a complaint does not need to contain detailed or elaborate factual allegations, but only allegations sufficient to raise an entitlement to relief above the speculative level." *Keiler v. Harlequin Enters., Ltd.*, 751 F.3d 46, 70 (2d Cir. 2014) (citation omitted). The Court accepts all factual allegations in the complaint as true. The Court is not, however, "bound to accept as true a legal conclusion couched as a factual allegation." *Ashcroft*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557). When considering a Rule 12(b)(6) motion to dismiss,

---

[2] According to the Complaint, Kuhn is a principal on the liquor license for L&L. Her managerial responsibilities are allegedly identical to those of Alan Phillips and Siew Moy Low. Plaintiff does not allege that Kuhn was ever an employee of Lili's 57 or Lilli and Loo, *id.* ¶ 18.

the Court draws all reasonable inferences in the light most favorable to the plaintiff.  *See Gibbons v. Malone*, 703 F.3d 595, 599 (2d Cir. 2013) (citation omitted).

## DISCUSSION

### I. Plaintiff Has Failed to State a Claim Against Defendant L&L New Beginnings LLC

Because Plaintiff was never employed by L&L, *see* Compl., Dkt. 1, he has sued it under a theory of successor liability, s*ee* Resp. at 6.  There are two tests for establishing successor liability in New York: the substantial continuity test and the traditional common-law test.  *Patino v. Brady Parking, Inc.*, No. 11-CV-3080, 2017 WL 5198192, at *8 (S.D.N.Y. Oct. 31, 2017).  "Although the Second Circuit has not decided [which test] applies to successor liability in the FLSA context . . . under either test successor liability focuses on whether a *purchaser* is liable for claims against the seller's company."  *De Quan Lu v. Red Koi, Inc.*, No. 17-CV-7291, 2020 WL 7711410, at *4 (S.D.N.Y. Dec. 29, 2020) (emphasis in original) (citation omitted); *see also Li v. New Ichiro Sushi, Inc.*, Nos. 14-CV-10242, 15-CV-414, 2020 WL 2094095, at *5 (S.D.N.Y. Apr. 30, 2020) (holding that for "purposes of successor liability, the successor is the party that actually purchases the assets of the predecessor and continues the predecessor's business.'") (citing *Bautista v. Beyond Thai Kitchen, Inc.*, No. 14-CV-4335, 2015 WL 5459737, at *5 (S.D.N.Y. Sept. 17, 2015)); *Patino*, 2017 WL 5198192, at *8 ("The state common-law test applies when one corporation has purchased the assets of another").  Therefore, the predicate for application of both tests is a purchase of assets by the putatively-liable entity.

The substantial continuity test assesses whether the successor company has substantially continued business operations and "acquired substantial assets of its predecessor."  *Fall River Dyeing & Finishing Corp. v. NLRB*, 482 U.S. 27, 43 (1987).  Courts applying substantial continuity generally look to nine factors.  Those factors are:

> (1) whether the successor company had notice of the charge or pending lawsuit prior to acquiring the business or assets of the predecessor; (2) the ability of the predecessor to apply relief; (3) whether there has been a substantial continuity of business operations; (4) whether the new employer uses the same plant; (5) whether [it] uses the same or substantially the same work force; (6) whether [it] uses the same or substantially the same supervisory personnel; (7) whether the same jobs exist under substantially the same working conditions; (8) whether [it] uses the same machinery, equipment, and methods of production; and (9) whether [it] produces the same product.

*Patino*, 2017 WL 5198192, at *9 (cleaned up). Even if some or all of these factors were applicable in this case, Plaintiff has not alleged facts from which the Court can plausibly infer that the predicate for applying the test has occurred. Specifically, there are no allegations that L&L purchased any assets of either Lili's 57 or Lilli and Loo.[3] Plaintiff alleges only that L&L "began operating at about the same time as [Lilli and Loo] closed, with no substantial delay," Resp. at 10, and that the new restaurant employed "substantially the same workforce, and the same managers Siew Moy Low and Alan Phillips, as [Lilli and Loo]," *id.* Those allegations, even when drawing all inferences in Plaintiff's favor as the Court must do at this stage, do not suggest that there was a purchase of assets. In fact, Plaintiff acknowledges that the Complaint includes no allegations "with respect to [purchasing] [Lilli and Loo]'s kitchen equipment, utensils, or crockery." *Id.* Nor does the Complaint include any allegation with respect to the purchase of any other asset beyond continuity of use of the telephone number and website, and the fact that the new restaurant refers to itself in some unknown context as "the new Lili and Loo Restaurant." *Id.*

Plaintiff relies on *Chen v. DG & S NY, Inc.*, 406 F. Supp. 3d 216 (E.D.N.Y. 2016), to argue that he has adequately alleged that L&L has successor liability. In *Chen*, the court denied

---

[3] Even if L&L actually did purchase assets of Lili's 57 or Lilli and Loo, the Complaint does not allege any facts pertinent to factors (2), (3), (4), (7), (8), and (9); thus, even if the Complaint were evaluated pursuant to the substantial continuity test, Plaintiff would likely not prevail. The Court notes that in response to Defendants' motion to dismiss, Plaintiff did not assert any facts relevant to these factors beyond asserting that the "overlapping members/shareholders" had knowledge of Plaintiff's prior claim and asserting (only on information and belief) that employees were "transferred" to L&L when the predecessor restaurants closed. *See* Resp. at 9–10.

the defendant's motion for summary judgment when the plaintiff was relying on a successor liability theory to impose wage and hour liability on a new restaurant that occupied a prior restaurant's location. In that case, the successor restaurant: was in the same location as the prior restaurant; was managed by the prior restaurant's manager; employed some of a prior restaurant's staff; shared a menu, trade name, and website with its predecessor; and used "similar equipment" to its predecessor. *Chen*, 406 F. Supp. 3d 216 at 224. The *Chen* court did not explicitly consider whether the new restaurant had, in fact, purchased assets from its predecessor before applying the substantial continuity test. It is unclear whether the court's analysis of the relevant facts pertained to whether the alleged successor restaurant acquired its predecessor's assets or whether a purchase of assets was implicit in the court's evaluation. Regardless, even if certain facts in that case could give rise to an inference that the defendant purchased assets from its predecessor, a critical distinction between *Chen* and this case is that L&L does not operate in the same physical location as either of the restaurants for which Plaintiff worked. *See* Compl. ¶ 28. Especially in the absence of any allegation of a purchase of assets, the fact that the new restaurant operates in an entirely different location precludes Plaintiff from alleging adequately that L&L has successor liability pursuant to the substantial continuity test.

      The traditional common-law test "applies when one corporation has purchased the assets of another," *Patino*, 2017 WL 5198192, at *8; in contrast to the substantial continuity test, the common law test delineates four circumstances in which successor liability can attach: "(1) where the successor expressly or impliedly assumed the predecessor's tort liability; (2) where there was a consolidation or merger of seller and purchaser; (3) where the purchasing corporation was a mere continuation of the selling corporation; or (4) where the transaction is entered into

fraudulently to escape . . . obligations," *Battino v. Cornelia Street Fifth Ave., LLC*, 861 F. Supp. 2d 392, 401 (S.D.N.Y. 2012).

Plaintiff argues that both the fraudulent transaction and mere continuation prongs of the traditional test apply here. *See* Resp. at 7–9. Plaintiff ignores, however, that here too, the predicate has not been satisfied because there is no allegation that L&L purchased any assets of Lili's 57 or Lilli and Loo.[4]

In sum, because Plaintiff has not alleged facts from which the Court can plausibly infer that L&L is a purchaser of either of the predecessor restaurants that employed him, he has not stated a claim for successor liability against L&L.

## II. Plaintiff Has Failed to State a Claim Against Defendant Kuhn

Because Plaintiff was never employed by Kuhn, *see generally* Compl., he also sues Kuhn under a theory of successor liability, *see* Resp. at 6. Plaintiff alleges that Kuhn works for L&L and manages employees at L&L. *See* Compl. at 4. But Plaintiff never worked for Kuhn, nor does he allege that Kuhn was a manager or shareholder of any corporation that ever employed him.[5] *Id.* Even if those facts were alleged, however, Plaintiff does not have a colorable claim against Kuhn. First, as discussed *supra*, Plaintiff does not allege that L&L is a purchaser of assets of either of the two restaurants at which he worked, dooming any claim of successor

---

[4] Even if Plaintiff had alleged that L&L were a purchaser, Plaintiff's allegations would fail to satisfy any of the elements of the traditional common-law test. There are no well pled, non-conclusory facts alleged in the Complaint from which the Court could infer that there was a fraudulent transaction between L&L and a predecessor or that L&L was a mere continuation of the predecessor. Because the Court is limited to the factual allegations in the Complaint when considering a motion to dismiss for failure to state a claim, the paucity of factual allegations in the Complaint is fatal. *See, e.g., Journal Publ'g Co. v. Am. Home Assur. Co.*, 771 F. Supp. 632, 635 (S.D.N.Y. 1991).

[5] Plaintiff alleges that Kuhn was a business partner "in other ventures" with Siew Moy Low; Siew Moy Low was previously Plaintiff's employer. Resp. at 2. Plaintiff alleges that "Yasmin Kuhn is not an innocent purchaser, she has a prior business history with Siew Moy Low and knows to what she gets up." *Id.* at 8. Whatever that means, these allegations are of no import. Prior business history with Plaintiff's employer in ventures unrelated to Plaintiff's employment cannot plausibly make Kuhn liable for wage and hour violations by other companies.

liability.  Second, even if L&L were a purchaser of either of the two restaurants that employed Chen, "successor liability does not reach shareholders of the allegedly liable successor entity." *De Quan Lu*, 2020 WL 7711410, at *4.[6]  In short, Chen has not stated a plausible claim against Kuhn on a theory of successor liability.

## CONCLUSION

For the foregoing reasons, Defendants' motion is GRANTED, and all claims in the complaint are dismissed with prejudice.[7]  The Clerk of Court is respectfully directed to terminate any open motions and close the case.

**SO ORDERED.**

**Date:  June 27, 2022**          _____
**New York, New York**            **VALERIE CAPRONI**
                                  **United States District Judge**

---

[6]     "[A]n aggrieved party can still seek to impose liability on an individual associated with the successor entity under a corporate veil-piercing theory." *Lin v. Toyo Food, Inc.*, No. 12-CV-7392, 2016 WL 4502040, at *5 (S.D.N.Y. Aug. 26, 2016).  Because L&L is not properly a successor to any corporation at which Chen worked, however, any such attempt to impose liability on Kuhn would be meritless.

[7]     "It is well established that leave to amend need not be granted . . . where the proposed amendment would be futile." *Williams v. Citigroup Inc.*, 659 F.3d 208, 214 (2d Cir. 2011) (cleaned up).  Because the Court finds that amendment here would be futile, Plaintiff's request to seek leave to amend his complaint, *see* Resp. at 1, is denied.